COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Senior Judge Willis


SHEILA DELAINE HAMILTON, A/K/A
  SHEILA DELAINE HAMILTON OWENS

                                                    MEMORANDUM OPINION[*]
v.        Record No. 2707-09-3                           PER CURIAM
                                                         JUNE 29, 2010
CITY OF ROANOKE DEPARTMENT
  OF SOCIAL SERVICES


                 FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                              Charles N. Dorsey, Judge

              (James P. Cargill; Law Office of James P. Cargill, P.C., on brief), for
              appellant.  Appellant submitting on brief.

              (William M. Hackworth, City Attorney; Heather P. Ferguson,
              Assistant City Attorney; L. Brad Braford, Guardian *ad litem* for the
              minor child; L. Brad Braford, P.C., on brief), for appellee.
              Appellee and Guardian *ad litem* submitting on brief.


        On November 4, 2009, the trial court entered an order terminating the parental rights of

Sheila Delaine Hamilton (appellant) to her daughter, S.H., pursuant to Code § 16.1-283(C)(1)

and (C)(2).  On appeal, appellant contends the evidence was insufficient to support the trial court's

decision.  Finding no error, we affirm the trial court's decision.

                                         FACTS

        On appeal, we view the evidence in the "'light most favorable' to the prevailing party in

the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible

therefrom.'"  Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).

S.H. was born to appellant on February 20, 2006. The child's biological father is unknown. S.H. has the condition known as "MRSA," an antibiotic resistant staph infection that requires careful supervision to prevent exposure to others at the time of every periodic outbreak.

At 11:30 p.m. on March 21, 2007, the police contacted the City of Roanoke Department of Social Services (DSS) regarding S.H.'s safety. At appellant's apartment, a DSS representative found appellant disoriented and incapacitated from admitted ingestion of prescription drugs. S.H. was dirty and wearing a urine soaked diaper. Appellant was arrested for child neglect, and DSS took S.H. into emergency custody.

The initial foster care service plan regarding S.H. had the goal of returning home. The plan required appellant to complete a psychiatric evaluation and a substance abuse assessment, among other things, upon her release from incarceration. Appellant also was required to advise DSS of any changes in her employment or residence. After her release from jail, appellant completed the required assessments, and engaged in weekly supervised visitation with S.H.

Appellant's final visitation with S.H. occurred on July 14, 2008. The following week, appellant telephoned DSS and said she could not visit S.H. because she was sick.

After the telephone call from appellant, DSS received no further communication from her. DSS sent letters to appellant at her last known address, but received no response. Finally, DSS was advised by Lonnie Hamilton, appellant's husband, that appellant was incarcerated, but he did not say where she was being held. DSS subsequently discovered that Florida authorities had taken appellant from the Roanoke City Jail.

DSS was unable to locate appellant in any Florida jail or prison until March 2009, when her attorney provided an address. DSS sent letters to appellant regarding S.H. Appellant did not

respond to DSS's attempts to contact her. Nor did appellant make any arrangements to provide for S.H.

At the time of the termination hearing on September 8, 2009, appellant remained incarcerated in Florida for a forgery conviction. Appellant's scheduled release date is October 27, 2011. At three and one-half years old, S.H. was thriving in her foster home. The speech deficiency that existed at the time S.H. entered foster care had been addressed in therapy and improved dramatically. S.H.'s foster mother had proven capable of caring for the child's needs during a MRSA outbreak.

### DISCUSSION

Appellant argues that DSS did not prove by clear and convincing evidence the factors required for termination under Code § 16.1-283(C)(1) and (C)(2). Subsections (C)(1) and (C)(2) of Code § 16.1-283 provide "'individual bases upon which a petitioner may seek to terminate residual parental rights.'" Toms, 46 Va. App. at 269, 616 S.E.2d at 771 (quoting City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003)). Satisfactory proof under either subsection, standing alone, sustains a termination decision. See Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005).

In determining whether the evidence was sufficient to support a termination, we presume the trial court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 7, 614 S.E.2d at 659 (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463). In its capacity as fact finder, therefore, the circuit court retains "broad discretion in making the

decisions necessary to guard and to foster a child's best interests." Farley, 9 Va. App. at 328, 387 S.E.2d at 795.

A termination pursuant to Code § 16.1-283(C)(1) requires the trial court to find by clear and convincing evidence that termination was in the child's best interests and that the parent has,

> without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship. Proof that the parent . . . ha[s] failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition[.]

Code § 16.1-283(C)(1). In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

Appellant was arrested in March 2007 for child neglect, and S.H. was removed from her custody. Following appellant's release from jail until July 2008, appellant maintained contact with DSS and S.H., and she completed several of the requirements of the foster care service plan. After July 2008, however, appellant had no contact with S.H. Appellant did not advise DSS of her whereabouts. Eventually DSS discovered where appellant was incarcerated in Florida and sent her letters there. Appellant did not contact DSS or S.H. or otherwise plan for S.H.'s care. At the time of the termination hearing, appellant had had no contact with her daughter for

- 4 -

fourteen months. S.H. was thriving in her foster home, where her ongoing medical condition was being managed successfully.

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Department of Public Welfare of the City of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Considering all the facts and circumstances, there was clear and convincing evidence to prove the factors required for termination of appellant's parental rights pursuant to Code § 16.1-283(C)(1). In light of this conclusion, we need not consider whether the evidence was sufficient to support a termination under Code § 16.1-283(C)(2). See Fields, 46 Va. App. at 8, 614 S.E.2d at 659.

## CONCLUSION

We find the trial court did not err in concluding that the evidence proved, clearly and convincingly, that termination of appellant's parental rights was in S.H.'s best interests. Accordingly, we affirm the decision of the trial court.

Affirmed.